**UNITED STATES of America,**
Appellee,

v.

**Damone GADSDEN,** also known as Damian, also known as Sgt. Damon, Defendant–Appellant.

No. 07–3455–cr.

United States Court of Appeals, Second Circuit.

Nov. 24, 2008.

Richard C. Tarlowe, Assistant United States Attorney (Guy Petrillo, of counsel) for Michael J. Garcia, United States Attor-

ney for the Southern District of New York, New York, NY, for Appellee.

Mitchell Kessler, Cohoes, NY, for Defendant–Appellant.

PRESENT: Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Damone Gadsden ("Gadsden") appeals from the August 10, 2007 judgment of the United States District Court for the Southern District of New York (Robinson, J.) convicting him, following a jury trial, for his involvement in a narcotics conspiracy, in violation of 21 U.S.C. § 846, and of distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). We assume the parties' familiarity with the underlying facts and procedural history of this case.

■ Gadsden challenges the admission of evidence of uncharged crimes under Federal Rules of Evidence 404(b), which we review for abuse of discretion. *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir.1992) (reviewing admissibility of Rule 404(b) evidence for abuse of discretion). Testimony about prior drug sales may be used to establish "knowledge" and "intent" where the defendant repeatedly raises a "mere presence" defense, as that defense fails to make a "statement to the court of sufficient clarity to indicate that the issue[s] [of knowledge or intent] will not be disputed." *United States v. Colon*, 880 F.2d 650, 659 (2d Cir.1989); *see also United States v. Bruno*, 873 F.2d 555, 561–62 (2d Cir.1989) (finding that defendant's claim that he was "merely present" during a drug transaction allowed government to introduce Rule 404(b) evidence). Additionally, the district court did not abuse its discretion by allowing testimony about past violent acts, such as Gadsden assisting a fellow dealer in the beating of a prospective customer, because such evidence helps "to explain the mutual trust that existed between coconspirators." *United States v. Pascarella*, 84 F.3d 61, 73 (2d Cir.1996). Finally, testimony about violent acts and firearm possession during or around the time of a narcotics conspiracy appropriately established Gadsden's conduct during the charged conspiracy. *See United States v. Estrada*, 320 F.3d 173, 183 (2d Cir.2003) (holding that the use of violence and firearms can be considered "overt acts" in a narcotics conspiracy). The district court thus did not act "arbitrarily and irrationally" in admitting such evidence. *Pitre*, 960 F.2d at 1119 (describing the abuse of discretion standard).

■ Further, we find no clear error in the district court's determination at sentencing that Gadsden employed a minor in connection with the offenses or in the district court's subsequent application of a two-level enhancement to his offense level under Section 3B1.4 of the Sentencing Guidelines. *See* U.S.S.G. § 3B1.4; *United States v. Garcia*, 413 F.3d 201, 221 (2d Cir.2005) (reviewing factual findings for sentencing enhancements under a "clearly erroneous" standard). As to Gadsden's alleged use of a minor, prior to trial the parties agreed not to reference the individual by his full name, indicating a common assumption that the individual was indeed a minor. Additionally, witness testimony regarding the minor's age was corroborated by the district court's viewing of audiovisual evidence of the individual in question. As to Gadsden's argument that the enhancement was improperly applied, Section 3B1.4 applies "[i]f the defendant used ... a person less than eighteen years of age to commit the offense," without regard to the nature of that offense. U.S.S.G.

§ 3B1.4. Section 3B1.4 thus correctly served as an enhancement to Gadsden's base offense level, which was calculated pursuant to Section 2D1.1, not 2D1.2, as Gadsden wrongly argues.

The issues raised in Gadsden's pro se brief are largely meritless. First, because the government never offered Detective Shawn McDermott's ("McDermott") identification of Gadsden at trial, McDermott's pre-trial identification did not prejudice the defendant, nor did McDermott's failure to testify at trial violate the Confrontation Clause as the government did not offer any hearsay statements of McDermott through other witnesses. Second, Gadsden does not point to any specific false statement in the affidavit that the government used to obtain the search warrant, and thus his Fourth Amendment claim fails. Third, the jury did not receive an erroneous definition of "reasonably foreseeable," because the court gave the definition suggested by defense counsel. Finally, Gadsden misstates the trial record in arguing that the government did not timely submit the evidence of his prior convictions.

We do, however, agree with both parties that this case should be remanded to the district court for resentencing pursuant to *Kimbrough v. United States,* ── U.S. ──, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and recent revisions to the Sentencing Guidelines, U.S. Sentencing Guidelines Manual supp. to app. C, amend. 706 (eff. Nov.1, 2007).

We have considered Gadsden's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED in part and REMANDED in part for resentencing.