19-3139
*United States v. Gadsden*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
_____

August Term, 2020

(Argued: November 17, 2020          Decided: December 8, 2020)

Docket No. 19-3139
_____

UNITED STATES OF AMERICA,

*Appellee*,

– v. –

LINDALE SMITH, AKA L, AKA LINDALE ARMWOOD, GEORGE JACKSON, AKA GIO,
AKA GIOVANNI, JEROME PARKER, AKA CHEDDAR, CHRISTOPHER HUGHES, AKA
FATS, ROMELL BOYKIN, AKA BABY LOVE, VINCENT BRYANT, AKA JOHN, AKA BIG
JOHN, DWAYNE DAVIS, AKA MAURICE DAVIS, ERIC WALKER, AKA GREEN EYES,
MICHAEL KING,

*Defendants*,

DAMONE GADSDEN, AKA DAMIAN, AKA SGT. DAMON,

*Defendant-Appellant*.
_____

Before:

WALKER, KATZMANN, and WESLEY, *Circuit Judges*.

_____

Damone Gadsden appeals from an order of the United States District Court for the Southern District of New York (Preska, *J.*) denying his motion for a reduced sentence under Section 404 of the First Step Act. Gadsden argues that he was eligible for relief and that the district court abused its discretion in denying his motion. Gadsden also argues that he was entitled to a hearing at which he was present. While we agree that Gadsden was eligible for relief, we conclude that the district court did not abuse its discretion, and we hold that Gadsden was not entitled to a hearing at which he was present. Accordingly, the district court's order is AFFIRMED.

_____

RUSHMI BHASKARAN (Karl Metzner, *on the brief*), Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

THEODORE S. GREEN, Green & Willstatter, White Plains, NY, *for Defendant-Appellant*.

_____

PER CURIAM:

Damone Gadsden appeals from an order of the United States District Court for the Southern District of New York (Preska, *J.*) denying his motion for a reduced sentence under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. On appeal, Gadsden argues that he was eligible for relief under Section 404, that the district court abused its discretion in denying his motion, and that he was entitled to a hearing at which he was present. Although we agree that

2

Gadsden was eligible for relief, we conclude that the district court neither abused its discretion nor was required to hold a hearing at which he was present. Accordingly, the district court's order is **AFFIRMED**.

### BACKGROUND

On April 26, 2007, a jury convicted Gadsden of one count of conspiracy to distribute and possess with intent to distribute 50 grams and more of crack cocaine, in violation of 21 U.S.C. §§ 846, 812, 841(a)(1), and 841(b)(1)(A), and one count of distributing and possessing with intent to distribute crack cocaine, in violation of §§ 812, 841(a)(1), and 841(b)(1)(C). Because of Gadsden's status as a prior drug felon, his conviction of an offense involving 50 grams and more of crack cocaine mandated a statutory penalty range of 20 years to life in prison. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2006). At Gadsden's sentencing hearing, then-Judge Robinson of the United States District Court for the Southern District of New York found that Gadsden had been responsible for distributing more than 1.5 kilograms of crack cocaine and that Gadsden's recommended Guidelines sentence was life in prison. Judge Robinson determined that a life sentence would be excessive, however, and he sentenced Gadsden instead to 300 months in prison on each count, with the sentences to run concurrently.

Gadsden appealed, and we remanded the case for resentencing in light of the Supreme Court's intervening decision in *Kimbrough v. United States*, 552 U.S. 85 (2007), and recent revisions that had been made to the Sentencing Guidelines. *See United States v. Gadsden*, 300 F. App'x 108, 111 (2d Cir. 2008). At Gadsden's resentencing hearing, Judge Robinson found that Gadsden's recommended sentence under the revised Guidelines was 360 months to life in prison—a range still significantly above the 300-month sentence that Judge Robinson had imposed. Judge Robinson nevertheless reduced Gadsden's sentence further after engaging in a colloquy with the parties regarding pending federal legislation that would reduce the disparity between the amount of crack cocaine and the amount of powder cocaine that triggered certain penalties. Judge Robinson hypothesized that if there were a one-to-one ratio between the penalties for powder and crack cocaine, and if that ratio were applied to the Guidelines—such that the Guidelines range for a given amount of crack was reduced to the Guidelines range for the same amount of powder—then Gadsden's recommended sentence would be 210 to 262 months, rather than 360 months to life. With this hypothetical range in mind, and having stated that he would "give Mr. Gadsden every benefit I think he could possibly receive here," Judge Robinson resentenced Gadsden to 262 months in

4

prison on each count, with the sentences to run concurrently. App'x 644:11–12. In

doing so, Judge Robinson also stated:

> Let me be clear that, in my view, even if the [pending legislation] were
> to pass, Mr. Gadsden would be entitled to, and I would give him no
> further reduction from this sentence, because even under that best-
> case scenario and under the best-case scenario proposed by
> [Gadsden's counsel], the guideline range for Mr. Gadsden would be
> 210 to 262 months, which this sentence obviously falls within. And so
> it would be my position that, even if Congress were to pass a one-to-
> one ratio, and make it retroactive so that it applies to defendants such
> as Mr. Gadsden, that he would be entitled to no further reduction and
> that I would not give him one. That doesn't stop him from making an
> application or appealing or doing whatever it is he has a right to do,
> but I just wanted to make it clear that it is, in my view, this is the
> absolute bottom under any scenario that I can envision, including
> Congress passing a bill making the powder versus crack cocaine ratio
> one to one. This is the lowest sentence that would be in any way even
> a reasonable one for Mr. Gadsden.

*Id.* at 646:7–25.

Three months after Gadsden's resentencing, President Obama signed into

law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which was

the product of the pending legislation that Judge Robinson and the parties had

discussed. As relevant here, Section 2 of the Fair Sentencing Act increased the

amount of crack required to trigger the statutory penalty range mandated by 21

U.S.C. § 841(b)(1)(A)—which, in Gadsden's case, had been 20 years to life in

5

prison—from 50 to 280 grams. *See* 124 Stat. at 2372. Initially, the Fair Sentencing

Act's reforms did not apply retroactively to defendants like Gadsden who had

been sentenced prior to its passage. *See Dorsey v. United States*, 567 U.S. 260, 273

(2012). Several years later, however, President Trump signed the First Step Act of

2018, Pub. L. No. 115-391, 132 Stat. 5194, which gave retroactive application to

certain provisions of the Fair Sentencing Act. In particular, Section 404 of the First

Step Act provides as follows:

> SEC. 404. APPLICATION OF FAIR SENTENCING ACT.
>
> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review

6

of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act § 404, 132 Stat. at 5222.

On June 20, 2019, Gadsden moved for a sentence reduction under Section 404. The government opposed, arguing that Gadsden was ineligible for relief because he had not been sentenced for a "covered offense" within the meaning of Section 404(a). Although the government acknowledged that Section 2 of the Fair Sentencing Act had increased the amount of crack required to trigger the penalties imposed by 21 U.S.C. § 841(b)(1)(A), it argued that the penalties for Gadsden's offense had not been modified because the 1.5 kilograms attributed to him at sentencing exceeded even the new 280-gram threshold. The government argued in the alternative that, regardless of Gadsden's eligibility, his motion should be denied as a matter of the court's discretion.

Judge Preska—to whom the case was assigned after Judge Robinson's retirement—denied Gadsden's motion. Judge Preska noted that the parties disagreed about whether Gadsden was eligible for relief under Section 404, but she declined to resolve the dispute, concluding instead that any further sentence reduction was unwarranted regardless of Gadsden's eligibility. In reaching this

7

conclusion, Judge Preska noted Gadsden's past engagement in violent conduct, as well as his offsetting "exemplary conduct while incarcerated." Special App'x 2. Judge Preska also stated that she had "relie[d] on the facts that . . . Gadsden's current sentence is already substantially below the guidelines range under the First Step Act, and . . . Judge Robinson, who presided over Gadsden's trial, noted that 'this is the lowest sentence that would be in any way even a reasonable one for Mr. Gadsden.'" *Id.* The order denying Gadsden's motion was entered on September 13, 2019, and Gadsden timely appealed.

## DISCUSSION

On appeal, Gadsden makes three principal arguments. First, he argues that he was eligible for relief under Section 404. Second, he argues that Judge Preska abused her discretion by denying his motion. And third, he argues that he was entitled to a hearing at which he was present.

While this appeal was pending, our decision in *United States v. Davis* established that a defendant in Gadsden's position is eligible for Section 404 relief.[1]

---

[1] The government concedes as much in a letter submitted to the Court pursuant to Fed. R. App. P. 28(j) on October 19, 2020. *See* Letter of Appellee, *United States v. Gadsden*, No. 19-3139 (2d Cir. Oct. 19, 2020), Dkt. No. 56.

961 F.3d 181, 183 (2d Cir. 2020). But "Section 404 relief is discretionary," *id.* at 191; *see* First Step Act § 404(c), 132 Stat. at 5222, and where a district court exercises its discretion to deny an eligible defendant's motion, our limited role on appeal is to evaluate whether that discretion was abused, *see United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020) ("We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion.").[2]

After reviewing the record, we conclude that the district court did not abuse its discretion in denying Gadsden's motion. Gadsden contends that Judge Preska placed excessive reliance on the fact that he received a below-Guidelines sentence and on the statements made by Judge Robinson at his resentencing hearing. Gadsden relatedly asserts that Judge Preska failed to consider the factors set forth in 18 U.S.C. § 3553(a), including the need to avoid unwarranted disparities with Gadsden's co-defendants. Neither of these arguments is persuasive.[3]

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

[3] Gadsden also suggests that Judge Preska erred by denying his motion without deciding whether he was eligible for relief under Section 404. In *United States v. Moore*, 975 F.3d 84 (2d Cir. 2020), we expressed that "[a] district court considering a motion for a sentence reduction under the First Step Act must conduct a two-part inquiry. First, the court must determine whether the defendant

Beginning with Judge Preska's reliance on Gadsden's below-Guidelines sentence and Judge Robinson's comments, it was permissible to consider these factors, and there is no suggestion that Judge Preska viewed them as binding. *See United States v. Preacely*, 628 F.3d 72, 80 (2d Cir. 2010) ("We may generally assume that the sentencing judge understood all the available sentencing options . . . ."). Nor is there any indication that Judge Preska considered these factors to the exclusion of others. To the contrary, Judge Preska's order discussed several other considerations, including Gadsden's past engagement in violent conduct and his offsetting "exemplary conduct while incarcerated." Special App'x 2.

For similar reasons, we reject Gadsden's argument that Judge Preska failed to consider all relevant § 3553(a) factors. It is true that Judge Preska did not "discuss every § 3553(a) factor individually." *United States v. Rosa*, 957 F.3d 113,

is eligible for a reduction. Second, if the defendant is eligible, the court must determine whether, and to what extent, to exercise its discretion to reduce the sentence." *Id*. at 89. As discussed above, Judge Preska concluded that a sentence reduction was unwarranted regardless of Gadsden's eligibility. As a result, even though our framing in *Moore* suggests a district court will generally first determine eligibility, we see no reason why it was improper for Judge Preska to assume without deciding that Gadsden was eligible given that she makes clear Gadsden's eligibility would not have made a difference in her exercise of discretion. We need not address whether, in another case, it might be an error for the district court to not first consider eligibility.

10

119 (2d Cir. 2020). But we have made clear that a district court is not required to "engage in the utterance of robotic incantations," *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020), when making sentencing decisions. Instead, we "presume[] that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *Rosa*, 957 F.3d at 118. And nothing in the record suggests that Judge Preska overlooked relevant information.

Having concluded that Judge Preska did not abuse her discretion, we turn to Gadsden's argument that he was entitled to a hearing at which he was present. Gadsden grounds this argument, at least in part, in the language of Section 404(c) of the First Step Act, which prohibits a court from entertaining a motion "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222. Although Gadsden does not explain his argument in detail, he appears to take the position that a "complete review . . . on the merits" requires certain procedural protections, including a hearing at which he was present.

At least three other Circuits have considered some version of this argument, and all have rejected it. *See United States v. Denson*, 963 F.3d 1080, 1086–87 (11th

11

Cir. 2020); *United States v. Williams*, 943 F.3d 841, 843–44 (8th Cir. 2019); *United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019), *cert. denied*, No. 19-8036, 2020 WL 1906710 (U.S. Apr. 20, 2020). Several other circuits have reached the same ultimate conclusion on different grounds. *See, e.g., United States v. Hamilton*, 790 F. App'x 824, 826 (7th Cir. 2020) ("[N]othing in the First Step Act requires a district court to hold any sort of hearing . . . ."); *United States v. Easter*, No. 19-2587, 2020 WL 5525395, at *7 (3d Cir. Sept. 15, 2020) (holding that a defendant bringing a First Step Act motion "is not entitled to a plenary resentencing hearing at which he would be present"); *United States v. Mannie*, 971 F.3d 1145, 1155–57 (10th Cir. 2020) (same).

We find the reasoning of these decisions persuasive. As the Fifth Circuit ably explained, the language in Section 404(c) forbidding relief "if a previous [Section 404] motion . . . to reduce the sentence was . . . denied after a complete review of the motion on the merits," First Step Act § 404(c), 132 Stat. at 5222, merely "establishes that a defendant can file only *one* motion for resentencing." *Jackson*, 945 F.3d at 321. It does not "impose[] a kitchen sink of procedural requirements." *Id.* And even if courts must provide "some mandatory baseline level of procedure" when reviewing motions brought under Section 404, *id.*, we have already

12

cautioned against "read[ing] too much into" the language of Section 404(c), *United States v. Moore*, 975 F.3d at 91.

Gadsden also argues that he was entitled to a hearing at which he was present because Section 404 vests district courts with discretion to reduce a defendant's sentence. In support of this contention, Gadsden relies on our statement in *United States v. Rivers* that "it is arguable that any renewed fact-finding or exercise of sentencing discretion is the functional equivalent of a sentencing proceeding at which presence is required." 50 F.3d 1126, 1132 (2d Cir. 1995). Despite that statement, however, we have never held that every exercise of sentencing discretion gives rise to a right to a hearing or is tantamount to a "sentencing" that would trigger the presence requirement of Federal Rule of Criminal Procedure 43(a)(3). To the contrary, our cases establish that a hearing is not necessarily required in every case where a court exercises sentencing discretion. We have held that "[a] court's resolution of a motion for a sentence reduction does not necessarily require a full resentencing hearing," *United States v. Figueroa*, 714 F.3d 757, 760 (2d Cir. 2013) (per curiam), and we have affirmed the denial of such motions where the district court declined to hold any hearing at all, *see, e.g., id.* (rejecting defendant's argument that a hearing was required on his

13

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2)); *United States v. Gregory*, 350 F. App'x 536, 539 (2d Cir. 2009) (same); *United States v. Jones*, 298 F. App'x 70, 72 (2d Cir. 2008) (same). Although we do not rule out the possibility that some exercises of sentencing discretion may require a hearing at which the defendant is present, the mere fact that the district court exercised discretion in denying Gadsden's motion for a sentence reduction did not entitle him to a hearing at which he was present.

We note that other Circuits have addressed the procedures that are required, and the types of evidence that may be considered, when a district court reviews a defendant's motion for a reduced sentence under Section 404. *See, e.g.*, *United States v. Hegwood*, 934 F.3d 414, 415 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019) (holding that Section 404 does not authorize district courts to conduct a plenary resentencing); *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019) (holding that Section 404 does not require district courts to conduct a plenary resentencing); *United States v. France*, 799 F. App'x 191, 192 (4th Cir. 2020) (same); *see also, e.g.*, *Jackson*, 945 F.3d at 321–22 & n.7 (holding that Section 404 does not require district courts to consider a defendant's post-sentencing conduct); *United States v. Allen*, 956 F.3d 355, 356–57 (6th Cir. 2020) (holding that district courts may consider post-

sentencing conduct when evaluating motions under Section 404); *Williams*, 943 F.3d at 844 (same). We need not resolve these issues here, and we leave them to a future case in which they are properly presented. Instead, we hold only that a district court is not categorically required to hold a hearing at which the defendant is present before denying a motion for a sentence reduction under Section 404. Accordingly, Gadsden's final argument fails.

## CONCLUSION

For the foregoing reasons, we conclude that Gadsden was eligible for relief under Section 404 of the First Step Act, but that the district court did not abuse its discretion in denying his motion. We hold, moreover, that Gadsden's motion did not entitle him to a hearing at which he was present. Accordingly, the district court's order is **AFFIRMED**.