20-1621-cr
*US v. Seshan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand twenty-one.

PRESENT:    Dennis Jacobs,
            Robert A. Katzmann,
            Steven J. Menashi,
                *Circuit Judges.*

_____

United States,

     *Appellee,*

   v.                                                        No. 20-1621

Ramesh Seshan,

     *Defendant-Appellant.*

_____

*For Appellee*:                    Andrew Rohrbach (Thomas McKay, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

*For Defendant-Appellant*:        Yuanchung Lee, Federal Defenders of New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Keenan, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Ramesh Seshan appeals from an order entered on May 6, 2020, denying his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). On appeal he argues that the district court erred by maintaining the same sentence despite the Covid-19 pandemic presenting dramatically changed circumstances. We disagree and **AFFIRM**. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal.

# I

Seshan pleaded guilty in 2015 to a federal narcotics conspiracy. The written plea agreement included a two-level enhancement for Seshan's possession of a firearm and, in his plea allocution, Seshan admitted that he shot a victim in the buttocks after an argument in the place where Seshan sold drugs.

On February 3, 2016, the district court sentenced Seshan. After taking into account Seshan's medical condition—end-stage renal disease that requires dialysis three times per week, a condition that Seshan had even when he committed the charged offenses and the shooting—the district court determined that a downward variance from the guideline range was warranted. Accordingly, the district court imposed the mandatory minimum sentence of 120 months imprisonment.

In April 2020, Seshan filed a motion for compassionate release after his request to the Bureau of Prisons ("BOP") for compassionate release or transfer to home confinement was denied. Seshan's motion emphasized his health condition, his behavior while in custody, and the danger of Covid-19.

By opinion and order dated May 6, 2020, the district court denied Seshan's motion, noting that it had already considered Seshan's end-stage renal failure and

good conduct in prison when granting a downward variance at the original sentencing. The district court found that Seshan had demonstrated extraordinary and compelling reasons for compassionate release, in light of his health condition and the Covid-19 pandemic, but concluded that a sentence reduction would not be consistent with the policy statement set forth in U.S.S.G. § 1B1.13 or the 18 U.S.C. § 3553(a) factors. Seshan timely appealed.

## II

We review the denial of a motion for a discretionary sentence reduction for abuse of discretion. *United States v. Smith*, 982 F.3d 106, 110 (2d Cir. 2020); *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). We apply the same deference to the district court's denial of a compassionate release motion based on the court's application of the 18 U.S.C. § 3553(a) factors as we do when reviewing a district court's imposition of sentence based on its determination of the § 3553(a) factors. *See, e.g.*, *Smith*, 982 F.3d at 110-11; *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18

4

U.S.C. § 3582(b)) (internal quotation marks and alterations omitted). One such circumstance, compassionate release, allows a court to "reduce [a] term of imprisonment … after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The § 3553(a) factors that a district court must consider in granting or denying compassionate release include "the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities." *United States v. Roney*, 833 F. App'x 850, 852 (2d Cir. 2020) (citing 18 U.S.C. § 3553(a)).

The district court did not abuse its discretion in denying Seshan's motion for compassionate release on the ground that—even though Seshan's medical history combined with the Covid-19 pandemic presented an extraordinary and compelling reason—his release was unwarranted upon consideration of the § 3553(a) factors.

5

The district court recognized that Seshan's poor health and good behavior in prison were mitigating factors both now and at the time of Seshan's original sentencing, when the district court varied downward to the lowest sentence possible under the statute. In its order denying compassionate release, the district court explained that converting Seshan's already below-guidelines, 10-year sentence into one of home confinement, when he had served less than six years of his sentence, would disserve the important sentencing factors of § 3553(a). The district court also explained that that it could not conclude that Seshan posed no danger to the community given his prior violent behavior.[1] Seshan argues that the district court erred by maintaining the same sentence despite the dramatically changed circumstances involving the Covid-19 pandemic, but "courts regularly consider whether compassionate release would be consistent with § 3553(a) by

---

[1] After the district court's denial of compassionate release but before this appeal, we held that U.S.S.G. § 1B1.13 is not "applicable" to compassionate release motions brought by defendants. *United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020). Seshan does not argue that the district court erred when it stated that it could not find that Seshan is "not a danger to the safety of any other person or to the community," as required by U.S.S.G. § 1B1.13(2). App'x 131. Accordingly, we need not consider that argument. Nevertheless, the danger posed by the defendant to the community remains a factor that district courts may consider under § 3553(a)(2)(c). Because the district court clearly stated that its balancing of the § 3553(a) factors was "decisive here," App'x 133, any error in the court's consideration of § 1B1.13 did not affect Seshan's substantial rights. *See United States v. Verkhoglyad*, 516 F.3d 122, 127-28 (2d Cir. 2008).

considering how early release would impact the aims of the original sentence."

*Roney*, 833 F. App'x at 854. The district court's decision was not an abuse of its

discretion.

In balancing the § 3553(a) factors, the district court did not consider release

only in the context of the reasons for the original sentence. The district court

further explained that the BOP was taking substantial precautions at the

correctional facility where Seshan was housed to mitigate the risks associated with

Covid-19, and it observed that his need for outpatient dialysis would expose him

to the virus whether he was incarcerated or at home. Given that the district court

carefully considered and balanced the § 3553(a) factors, even if Seshan "disagree[s]

with how the district court balanced the § 3553(a) factors … [that] is not a sufficient

ground for finding an abuse of discretion." *Roney*, 833 F. App'x at 853.

Finally, Seshan argues that the district court's decision rests on the

erroneous belief that Seshan is safe in prison because only one inmate had tested

positive for Covid-19 at the facility as of mid-April 2020. Seshan mischaracterizes

the district court's observations. In the background section of its opinion and

order, the district court noted that as of May 5, 2020, the BOP website represented

that one inmate had tested positive for, and later died of, Covid-19—a fact that

Seshan does not dispute—to support its view that the BOP was taking substantial precautions at the correctional facility where Seshan was housed. The district court specifically recognized that incarcerated individuals, including Seshan, face a heightened risk of contracting Covid-19. Contrary to Seshan's arguments, the court did not ignore the pandemic or conclude that Seshan was "safe" in prison.

*     *     *

We have considered Seshan's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8