20-2787-cr
*United States of America v. Karo Brown*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand twenty-one.

PRESENT:   JOHN M. WALKER, JR.,
               WILLIAM J. NARDINI,
               STEVEN J. MENASHI,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

     *Appellee*,

   v.                                                    No. 20-2787-cr

KARO BROWN, AKA KIKE, AKA KITE, AKA SEALED DEFENDANT #4,

     *Defendant-Appellant*,

CORY EDWARDS, AKA WIGGLES, AKA SEALED DEFENDANT #1, CHARLES MYLES, AKA BOSSMAN, AKA SEALED DEFENDANT #2, ANTONIO OWENS, AKA O'HEAD, AKA SEALED DEFENDANT #3, RASUE BARNETT, AKA WILD THANG, AKA SEALED DEFENDANT #5, WALIEK BETTS, AKA LEEK, AKA SEALED DEFENDANT #6, AKIM BETSEY, AKA KOON, AKA KIMY, AKA SEALED DEFENDANT #7, CHARLES BROWN, AKA TADDA, AKA TATA, AKA SEALED DEFENDANT #8, TERRENCE EDWARDS, AKA JAQUAN, AKA SILK, AKA SEALED DEFENDANT #9, DUDLEY HARRIS, AKA DUD, AKA SEALED DEFENDANT #10, RODNEY HILL, AKA HOT ROD, AKA SEALED DEFENDANT #11, CHRISTOPHER

HOLBDY, AKA NUTS, AKA SEALED DEFENDANT #12, ANTHONY JACKSON, AKA CAPONE, AKA SEALED DEFENDANT #13, AKA TONE, LANCE JOHNSON, AKA L-A, AKA CLUE, AKA SEALED DEFENDANT #14, RIDWAN OTHMAN, AKA WIGWAM, AKA BLITZ, AKA SEALED DEFENDANT #15, LONDON RICE, AKA GRAMS, AKA SEALED DEFENDANT #16, CHEIRON THOMAS, AKA SLAB, AKA SEALED DEFENDANT #17, EDWARD THOMAS, AKA POPPY, AKA ESCO, AKA SEALED DEFENDANT #18, DAVID TRAPPS, AKA DIRTY DAVE, AKA SEALED DEFENDANT #19, JAMONTAE WALLACE, AKA MONTY, AKA SEALED DEFENDANT #20, ROBERT SHAW, AKA SEALED DEFENDANT #21, ERIC DUNBAR, AKA SEALED DEFENDANT #22, TOMMIE BRISCOE, AKA SEALED DEFENDANT #23, LEROY ANTWAIN WALKER, AKA LEROY WALKER STOKES, AKA SEALED DEFENDANT #24, LEONARD HOLBDY, AKA SEALED DEFENDANT 25, CHRISTIAN WILLIAMS, AKA SEALED DEFENDANT 26,

*Defendants*.*

---

For Appellee:

RAJIT S. DOSANJH, Steven D. Clymer, Assistant United States Attorneys, *for* Antoinette T. Bacon, Acting United States Attorney, Northern District of New York, Syracuse, NY

For Defendant-Appellant:

MOLLY K. CORBETT, Assistant Federal Public Defender, *for* Lisa Peebles, Federal Public Defender, Northern District of New York, Albany, NY

On appeal from the United States District Court for the Northern District of New York (Norman A. Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court entered on August 7, 2020, is **AFFIRMED**.

Defendant-Appellant Karo Brown appeals from an order entered by the district court on August 7, 2020, denying his motion for a sentence reduction under Section 404 of the First Step

---

* The Clerk of Court is directed to amend the caption as set forth above.

Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. On August 3, 2004, after trial, a jury returned a guilty verdict for Brown's role in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and found that the racketeering activity attributable to him involved: (1) more than one act involving murder, attempted murder, or conspiracy to commit murder, in violation of New York Penal Law sections 125.25, 110.00, and 105.17; (2) more than one act involving conspiracy to distribute and possess with intent to distribute 50 grams or more (specifically, 1.5 kg or more) of cocaine base (crack) in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; and (3) the use or attempted use of a person less than eighteen years of age to commit the racketeering activity or to assist in avoiding detection of, or apprehension for, the racketeering activity. On February 10, 2005, after finding that the Sentencing Guidelines suggested a range of 360 months to life in prison, the district court sentenced Brown to 480 months of incarceration followed by a four-year term of supervised release "given the violent nature of much of [Brown's] criminal record and the need to protect the public from further crimes . . . ." App'x at 14–15, 115. We affirmed Brown's conviction and sentence. *See United States v. Edwards*, 214 F. App'x 57, 66 (2d Cir. 2007). Brown sought sentencing relief under 18 U.S.C. § 3582(c) in 2008 and 2012, as well as under 28 U.S.C. § 2255 in 2018. The district court denied relief each time. We assume the reader's familiarity with the record.

On appeal, Brown argues that the district court abused its discretion when it denied his request for a sentence reduction because the district court: (1) did not conduct a "full review" of his motion; (2) failed to provide him with a hearing or other opportunity to object to the district court's calculation of his Guidelines range; and (3) made certain errors in calculating Brown's Guidelines range and in considering the 18 U.S.C. § 3553(a) factors. In response, the Government argues that the district court did not abuse its discretion—or otherwise err—in denying sentencing relief to Brown.

We review the denial of a motion for sentence reduction for abuse of discretion. *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). Even if a defendant is eligible for relief under the First Step Act, the statute makes clear that "[n]othing in [Section 404] shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act, § 404(c). The First Step Act also does not require a district court to follow "any particular procedures" during its review, "except for those changes that flow from Sections 2 and 3 of the Fair Sentencing Act of 2010." *United States v. Moore*, 975 F.3d 84, 91–92 (2d Cir. 2020).

Brown has not shown procedural error in how the district court considered his motion. "[A] district court is not categorically required to hold a hearing at which the defendant is present before denying a motion for a sentence reduction under" the First Step Act. *United States v. Smith*, 982 F.3d 106, 113 (2d Cir. 2020); *see also Moore*, 975 F.3d at 91. As to the district court's Guidelines calculations, the only errors Brown raises in his opening brief that would have affected his Guidelines range are the district court's use of his murder-related offense conduct as the predicate offense for § 2E1.1, and the district court's calculation of the offense level for that conduct. But because Brown's conviction was for a racketeering conspiracy, § 2E1.1 applies to

3

substitute the murder-related conduct for the drug-related conduct to establish the base offense level as a matter of course, where the base offense level for drug-related conduct is lower. *See* U.S.S.G. § 2E1.1 (providing that the applicable base offense level for RICO offenses is "19; or … the offense level applicable to the underlying racketeering activity"); *see also id.* § 2E1.1 cmt. n.1; *id.* ch. 3, pt. D (describing the method for calculating the offense level for composite offenses that, like racketeering, consist of multiple underlying offenses). And though Brown contends that the resulting offense level for his murder-related conduct should not have been 41, that was the offense level calculated for his murder-related conduct in the original PSR. Brown has not pointed to any change to the Guidelines governing the calculations for that conduct that "flow from Sections 2 and 3 of the Fair Sentencing Act of 2010." *Moore*, 975 F.3d at 92.[1]

Lastly, Brown has not shown that the district court erred in its consideration of the § 3553(a) factors in denying a sentence reduction so as to require reversal. While he claims that the district court "sought to diminish" his post-sentencing conduct, that contention is belied by the record. Appellant's Br. 30. Although not required to do so, before denying Brown's motion the district court considered the section 3553(a) factors and post-sentencing legal and factual developments. Having considered those factors, the district court denied relief because Brown's "criminal conduct remains unchanged." App'x at 226. The district court emphasized Brown's "callous disregard for human life," citing multiple specific violent incidents threatening human life, and declined to exercise its discretion to reduce Brown's sentence because "a sentence of 480 months is still appropriate . . . to reflect the seriousness of [Brown's] offenses, promote respect for the law, provide just punishment, and protect the public . . . ." *Id.* at 226–27. Even when a district court is required to consider each § 3553(a) factor (i.e., when imposing sentence), "the weight given to any single factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review." *United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) (internal quotation marks omitted). It was not an abuse of discretion for the district court to decide, based on Brown's criminal conduct, that the § 3553(a) factors weighed against a sentence reduction, his post-sentencing conduct notwithstanding.

We have considered Brown's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] In his reply brief, Brown suggests that the district court did not correctly apply U.S.S.G. § 5G1.1 in calculating his sentencing range. Because Brown failed to raise that argument in his opening brief, we do not address it. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).