*United States of America v. Floyd*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-one.

PRESENT:  PIERRE N. LEVAL,
JOSÉ A. CABRANES,
DENNY CHIN,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.

AIKIAM FLOYD, AKA OCK,

*Defendant-Appellant,*

SOLOMON ARTIS, AKA LIGHT, AKA SPAZ, LEONARD BARLETTO, AKA BOOTS, COURTNEY COY, AKA STYLES, PARRIS DESUZE, AKA KETCHUP, ANDRE HOLMAN, AKA DRE, DERRICK BIENAIME, AKA MILLZ, AKA CIROC BOSS, DAVON BROWN, AKA CHICO, MALIK CAMPBELL, AKA INDI, STANLEY CHERENFANT, AKA BANGER, STEVEN CHERENFANT, AKA STEVENS CHERENFANT, AKA BEANS, BRANDON GREENIDGE, AKA B3, CORY HARRIS, AKA WILLIAM HARRIS, AKA C, JAMAR HARRY, AKA BRICKS 642, JEFFREY JOSEPH, SHAWN NEWLAND, AKA HELA BANDZ, SILBERT NICHOLSON, AKA RICO, ZADEK

20-2147-cr (L)
20-3651-cr (Con)

ORGIAS, AKA Z, CORDERO PASSLEY, AKA LOONEY,
GABRIEL PATTERSON, STEPHON RENE, AKA SHORTY,
AKA LIL BANGER, AKEEM WATSON, AKA MONKS,
CONELL BROGDON, AKA NELLZ, AKA SNELZ, AKA
MIDGET, AKA MIDGE,

                         *Defendants.**

---

**FOR APPELLEE:**                         Allon Lifshitz, Assistant United States
                                          Attorney (Susan Corkery, Assistant United
                                          States Attorney, *on the brief*), *for* Mark J.
                                          Lesko, Acting United States Attorney,
                                          Eastern District of New York, Brooklyn,
                                          NY.

**FOR DEFENDANT-APPELLANT:**              Darrell Fields, Federal Defenders of New
                                          York, Inc., New York, NY.

Appeal from two orders of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be and hereby are **AFFIRMED**.

Aikiam Floyd, one of 23 defendants charged in a 75-count superseding indictment, pleaded guilty to one count of conspiracy to distribute cocaine base, and on August 16, 2018, was sentenced to 121 months in prison, to be followed by three years of supervised release. Citing his vulnerability to COVID-19, Floyd filed two motions for compassionate release in April and May 2020, which the District Court denied on June 10, 2020. Floyd appeals this decision, as well as the District Court's October 15, 2020, denial of his motion for reconsideration. He argues that the District Court applied the wrong legal standard to assess whether "extraordinary and compelling reasons" warranted a reduced sentence, and failed to adequately consider the applicable factors set forth in 18 U.S.C. § 3553(a). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The District Court, which denied Floyd's motion for a reduced sentence before our opinion in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), may have applied the wrong legal standard to assess whether "extraordinary and compelling reasons" warranted a reduced sentence. However, the

---

* The Clerk of Court is directed to amend the caption as set forth above.

existence of such reasons alone does not compel a reduced sentence. Instead, the district court "*may* reduce the term of imprisonment . . . after considering the [applicable] factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A) (emphasis added); *see also United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020) (noting a "two-part inquiry" including "whether the defendant is eligible for a reduction" and, "if the defendant is eligible, . . . whether, and to what extent, to exercise [the court's] discretion to reduce the sentence").

The District Court did not abuse its discretion in declining to reduce Floyd's sentence based on the § 3553(a) factors. *See Moore,* 975 F.3d at 88 (describing the standard of review). It noted "the seriousness" of "provid[ing] dangerous and illegal drugs to [Floyd's] community and help[ing] to fund unlawful gang activity." App'x 117 (citation omitted); *see* 18 U.S.C. § 3553(a)(1), (2)(A). It further explained that Floyd, "a member of multiple violent gangs who sold drugs," had not "presented evidence sufficient for the Court to conclude that he no longer pose[d] a danger to others or the community." App'x 117; *see* 18 U.S.C. § 3553(a)(2)(C). This explanation makes clear that denying Floyd's motion was "within the range of possible decisions." *United States v. Borden*, 564 F.3d 100, 103–04 (2d Cir. 2009).

It does not matter that the District Court did not exhaustively discuss each § 3553(a) factor because "we presume that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Smith*, 982 F.3d 106, 111 (2d Cir. 2020) (alteration, citation, and internal quotation marks omitted). The record does not suggest any omission by the District Court. In fact, it suggests the opposite. Referring to its meticulous, point-by-point analysis at Floyd's sentencing, the District Court held that the § 3553(a) factors "continue[d] to weigh strongly in favor of [Floyd's] incarceration." App'x 117; *cf. United States v. Hernandez*, 604 F.3d 48, 55 (2d Cir. 2010) (remanding for re-sentencing where certain "features of the record indicate[d] that [the district court] failed to consider the [§] 3553(a) factors").

## CONCLUSION

We have reviewed all of the arguments raised by Floyd on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 10, 2020, and October 15, 2020, orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk