*United States v. Campbell*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of December, two thousand twenty-one.**

**PRESENT:**
> **BARRINGTON D. PARKER,**
> **SUSAN L. CARNEY,**
> **RICHARD J. SULLIVAN,**
> *Circuit Judges.*

---

**United States of America,**

> *Appellee,*

> v.                                             **20-4112**

**Calvin Campbell, AKA Cat,**

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Tiffany H. Lee, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY. |
| **FOR DEFENDANT-APPELLANT:** | MaryBeth Covert, Federal Public Defender's Office, Buffalo, NY. |

Appeal from an order of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

In 2007, Appellant Calvin Campbell pleaded guilty to distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). Because the government had filed an information asserting that Campbell had a prior felony drug conviction, he was subject to enhanced statutory penalties under 21 U.S.C. § 851. In 2008, the district court sentenced Campbell to a term of 90 months' imprisonment followed by an 8-year period of supervised release. Campbell was released from custody in 2013 but his supervised release was revoked and he was reincarcerated after he violated a condition of his release. In 2016, Campbell was released from custody for that violation. In 2018, officers found controlled substances packaged for sale in Campbell's vehicle during a traffic stop, and in related proceedings, the district court found that Campbell had committed multiple violations of his conditions of supervised release. The district court then sentenced Campbell to 54 months' imprisonment to be followed by a 5-year period of supervised release.

In 2019, Campbell, proceeding pro se, appealed that judgment, and later filed a motion to reduce his sentence pursuant to section 404 of the First Step Act of 2018. *See* Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018). In 2020, the district court issued an order deferring consideration of the motion until this Court remanded the case. Campbell withdrew his appeal, the case was remanded, and Campbell, through counsel, filed a supplemental motion for a sentence reduction.

The government did not dispute that Campbell was eligible for a sentence reduction, explaining that "its current position was that a supervised release violation sentence was subject to the First Step Act," Appellee's Br. at 6-7. Rather, it argued that the district court should not exercise its discretion to grant the motion. The district court then denied Campbell's motion. It assumed that Campbell was eligible for a sentence reduction, but then concluded that the 54-month sentence and 5-year term of supervised release remained necessary and appropriate. *See United States v. Campbell*, 502 F. Supp. 3d 752, 756, 760 (W.D.N.Y. 2020).

Campbell now appeals the district court's denial of his First Step Act motion. Such motions are governed by 18 U.S.C. § 3582(c)(1)(B). *See United States v. Holloway*, 956 F.3d 660, 666 (2d Cir. 2020). We review for abuse of discretion a district court's denial of motion for a sentence reduction under the First Step Act. *See United States v. Moyhernandez*, 5 F.4th 195, 205 (2d Cir. 2021). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as needed to explain our decision to affirm.

Section 841(b) of U.S. Code title 21 establishes penalties for criminal distribution of controlled substances based on the type and amount of the substance involved in the offense. In 2007, a defendant convicted of distribution of 5 or more grams of cocaine base who had been previously convicted of a drug felony was subject to a mandatory minimum sentence of 10 years' imprisonment and a maximum sentence of life. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2007). In 2010, Congress passed the Fair Sentencing Act, which increased from 5 grams to 28 grams the amount of cocaine base required for a crime to qualify for the same sentencing range, thus reducing the penalties applicable to certain drug crimes. *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Accordingly, had Campbell been sentenced after the effective date of the Fair Sentencing Act, his

3

original offense would not have carried a maximum sentence of life. As a result, his original offense would not be categorized as a Class A felony, *see* 18 U.S.C. § 3559(a)(1), and the statutory maximum sentence and Guideline range for a violation of the terms of supervised release on that offense would likewise be reduced, *see* 18 U.S.C. § 3583(e)(3); U.S.S.G. 7B1.4(a)(2).

The Fair Sentencing Act did not by its terms apply to sentences imposed before its effective date. *See Dorsey v. United States*, 567 U.S. 260, 281 (2012). In 2018, however, Congress passed the First Step Act, which made the Fair Sentencing Act retroactive insofar as it gave district courts discretion to reduce the sentences of defendants convicted of violating statutes whose penalties were modified by sections 2 and 3 of the Fair Sentencing Act. The First Step Act provides expressly, however, that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222.

The parties appear to assume Campbell's eligibility for a sentence reduction under the First Step Act, as did the district court. On appeal Campbell contends primarily that the district court abused its discretion in denying his motion. According to Campbell, the district court placed undue weight on his criminal history and failed to adequately consider the sentencing disparity between Campbell and defendants sentenced after the Fair Sentencing Act took effect. Campbell also asserts that the district court abused its discretion in failing to consider granting him a more limited reduction of his sentence.

On review, we conclude that the district court did not abuse its discretion under the First Step Act. The court evaluated the sentencing factors laid out in 18 U.S.C. § 3553(a), which — although not mandatory considerations — "remain sound guiding principles" in the exercise of

4

discretion. *Moyhernandez*, 5 F.4th at 205.[1] As the district court recognized, had Campbell been sentenced for his underlying offense after the Fair Sentencing Act's modifications became effective, he could be sentenced to a maximum of three years for his supervised release violation, rather than a maximum of five years. *See* 18 U.S.C. § 3583(e)(3). But it was not an abuse of discretion for the district court to place considerable weight on Campbell's history of violating conditions of supervised release and controlled substance offenses in determining whether a reduced sentence would afford adequate deterrence to Campbell and protect the public from future offenses. And the court did not "consider[] these factors to the exclusion of others," which would have been error. *United States v. Smith*, 982 F.3d 106, 111 (2d Cir. 2020). The court recognized that Campbell's lack of disciplinary history in custody, his family circumstances, and the COVID-19 pandemic, alongside the sentencing disparity, weighed in favor of a reduction, but ultimately concluded that these factors did not render the existing sentence inappropriate. Based on the district court's description of Campbell's criminal history, we find that "[this] factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008).

    As to Campbell's argument that the district court failed to consider whether a lesser sentence reduction would be appropriate, this assertion is not supported by the record. The district court did not merely determine that the requested reduction was unwarranted, but affirmatively concluded "that the 54-month prison sentence to be followed by a five-year period of supervised release is appropriate under the circumstances." *Campbell*, 502 F. Supp. 3d at 760. We accordingly cannot

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

conclude that the district court's determination that a 54-month sentence remained appropriate fell "outside the range of permissible decisions." *Moyhernandez*, 5 F.4th at 205.

We have reviewed Campbell's remaining arguments and find in them no basis for reversal.

For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court