20-3877-cr
*United States v. Joshua Vandegrift*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-two.

Present:

> DENNIS JACOBS,
> REENA RAGGI,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                      20-3877-cr

JOSHUA VANDEGRIFT,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | Tiffany H. Lee, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney, Western District of New York, Buffalo, NY |
| For Defendant-Appellant: | John S. Wallenstein, Law Office of John S. Wallenstein, Garden City, NY |

Appeal from an order of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Joshua Vandegrift appeals from the district court's October 13, 2020, Decision and Order denying his *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). We assume the reader's familiarity with the record.

Section 3582(c)(1)(A), commonly known as the compassionate release statute, allows a court to reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . it finds that . . . extraordinary and compelling reasons warrant such a reduction." We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021).

Now represented by counsel, Vandegrift argues on appeal that the district court abused its discretion by (1) "appl[ying] a more stringent standard in reviewing [his] *pro se* application than was warranted"; and (2) failing to "f[ind] that the motion raise[d] a substantial issue requiring factual development . . . ." Vandegrift Br. 6. As to Vandegrift's first argument, it is "well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (internal quotation marks omitted). But Vandegrift does not explain how the district court failed to comply with this standard. He merely asserts that his arguments should have "be[en] viewed in a different light than the Court ordinarily would in evaluating the sufficiency of a motion." Vandegrift Br. 8. But while a court must liberally construe *pro se* submissions, a *pro se* litigant must nevertheless establish his legal entitlement to the relief he seeks. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).

Vandegrift next argues that the district court did not adequately examine his proffered reasons warranting release and consider whether, taken collectively, they met the extraordinary and compelling standard. But regardless of whether Vandegrift presented extraordinary and compelling reasons that might have allowed the district court to consider whether a sentence reduction might be warranted, Vandegrift identifies no error (much less an abuse of discretion) in the district court's independent determination that an assessment of the § 3553(a) factors did not support a reduction in Vandegrift's term of imprisonment given the circumstances of his case. *See United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) ("[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A).").

We also reject Vandegrift's argument that the district court should have held an evidentiary hearing on his motion for a sentence reduction. As an initial matter, the record does not reflect that Vandegrift requested a hearing. Further, the record does not suggest that the district court resolved any disputed issues of fact against Vandegrift. In fact, the district court concluded, based on Vandegrift's medical history, that he was at risk of suffering serious illness if infected with COVID-19. Finally, Vandegrift offers no authority for the proposition that the district court was obligated to hold a hearing, and we have held that there is no categorical requirement that a district court hold a hearing in the analogous context of a motion for a discretionary sentence reduction made pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Smith*, 982 F.3d 106, 113 (2d Cir. 2020).

\* \* \*

We have considered Vandegrift's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the decision of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk