20-2624-cr
*United States v. Redden*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of May, two thousand twenty-one.

PRESENT:   JOHN M. WALKER, JR.,
           JOSÉ A. CABRANES,
           RICHARD C. WESLEY,
                     *Circuit Judges.*

---

UNITED STATES OF AMERICA,

          *Appellee,*                20-2624-cr

          v.

JEFFREY OTIS REDDEN,

          *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Rebecca Dell, Karl Metzner, Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY. |
| **FOR DEFENDANT-APPELLANT:** | Jeffrey Otis Redden, *pro se*, Pollock, LA. |

Appeal from an order of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

In 2004, Appellant Jeffrey Otis Redden ("Redden") was convicted of conspiracy to distribute 50 grams or more of a substance containing cocaine base and two other charges and was sentenced to life imprisonment in 2005. In 2019, Redden, proceeding *pro se*, moved for a sentence reduction pursuant to the First Step Act of 2018. The District Court denied the motion, reasoning that the seriousness of Redden's offense conduct—as a part of the conspiracy, he murdered a rival drug dealer and shot another rival in the neck—and the need for deterrence did not warrant a sentence reduction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We typically review the denial of a motion for a discretionary sentence reduction for an abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal citation and original alteration omitted).

The District Court did not abuse its discretion in denying Redden's motion. When considering whether to grant a sentence reduction, a district court may consider the § 3553(a) factors. *See id.* (affirming denial of sentence reduction pursuant to 18 U.S.C. § 3582 where district court considered relevant § 3553(a) factors). Here, the District Court appropriately considered the § 3553(a) factors, particularly the seriousness of Redden's crime and the need for deterrence. *See* 18 U.S.C. § 3553(a)(2)(A)–(B). It explained that Redden's offense conduct was "brutal" and that the murder, not drug quantity, was the basis for Redden's sentence. This was not a clearly erroneous assessment of the evidence. The trial evidence established that Redden shot and killed a rival drug dealer and shot another rival in the neck. Redden's offense level was based on the homicide guidelines, not the drug quantity guidelines. And Redden did not otherwise object to these factual findings or guidelines calculations at his original sentencing. Therefore, the District Court did not err by denying the sentence reduction on this basis.

Redden argues that once the District Court determined he was eligible for a sentence reduction under the First Step Act, it was required to grant the reduction. We have held that "Section 404 relief is discretionary . . . and a district judge *may* exercise that discretion to deny relief where appropriate." *United States v. Johnson (Davis)*, 961 F.3d 181, 191 (2d Cir. 2020) (emphasis added); *see also First Step Act of 2018*, Pub. L. 115-319, § 404(b), 132 Stat. 5194, 5222 (2018) ("A court

that imposed a sentence for a covered offense *may . . .* impose a reduced sentence . . . ." (emphasis added)). Therefore, the District Court was not required to grant Redden's motion simply because he was eligible for a reduction.

Redden next contends that the District Court failed to consider all of the § 3553(a) factors when deciding his motion. But the District Court was not required to discuss each and every factor, as long as it provided "enough explanation of how it exercised its sentencing discretion to permit meaningful appellate review." *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013). As discussed above, the District Court considered the § 3553(a) factors and offered a brief but sufficient explanation for its decision. The fact that the District Court ultimately did not place greater weight on other factors (or discuss them) does not mean that the District Court abused its discretion.

Finally, Redden asserts that the District Court should have held a full resentencing hearing at which he was present before deciding his motion. This argument is meritless. The First Step Act does not require the District Court to hold a plenary resentencing hearing. *United States v. Moore*, 975 F.3d 84, 92 (2d Cir. 2020). Further, a district court is not required to hold a hearing at which the defendant is present before deciding a motion brought under the First Step Act. *United States v. Smith*, 982 F.3d 106, 111–13 (2d Cir. 2020).

## CONCLUSION

We have reviewed all of the arguments raised by Redden on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 21, 2020 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk