21-258-cr
*United States v. Ida*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of December, two thousand twenty-one.

PRESENT:  JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, JR.,
          EUNICE C. LEE,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

          v.                                                    21-258-cr

JAMES IDA, AKA Jimmy, AKA Little Jimmy,
AKA The Little Guy,

                    *Defendant-Appellant*,

LIBORIO BELLOMO, AKA Barney,
MICHAEL GENEROSO, AKA Mickey
Dimino, NICHOLAS FRUSTACI, AKA
Nicky the Blond, THOMAS CESTARO, AKA
Gigali, AKA Gigalese, THOMAS BARRETT,
JOHN SCHENONE, AKA Big John,
ANTHONY PISAPIA, AKA Fat Tony, AKA
Tony Waterguns, LOUIS ZACCHIA, AKA
Louis Zack, ANTHONY COIRO, MICHAEL
AUTUORI, LEONARD CERAMI, LOUIS

1

RUGGIERO, SR., COLOMBO SAGGESE,
AKA Edward, JOSEPH PISACANO, JAMES
PISACANO, ALBERT SETFORD, AKA
Spike, VINCENT BATISTA, AKA Skippy,
VINCENT ROMANO,

*Defendants.*

FOR APPELLEE: MICAH FERGENSON, Assistant United States Attorney (Stephen J. Ritchin, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY

FOR DEFENDANT-APPELLANT: FLORA EDWARDS, New York, NY

Appeal from an order, entered January 28, 2021, by the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 28, 2021 order of the District Court be and hereby is **AFFIRMED**.

Defendant James Ida appeals the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Ida, who in 1997 was found guilty of several crimes including two counts of conspiracy to commit murder, is currently serving a life sentence of imprisonment. After he filed his Section 3582(c)(1)(A) motion and the Government filed an opposition, on January 25, 2021, the District Court denied the motion "substantially for the reasons stated in the [Government's] opposition," App'x 88. Three days later, the District Court issued an order stating that it had not received Ida's reply letter in support of his motion until after issuing its initial order, but that upon "reconsider[ation of] its ruling in light of that letter," the District Court still "adhere[d] to its decision denying relief." *Id.* at 89. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Section 3582(c)(1)(A)(i) provides that a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." A district court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted). "[O]nce we are sure that [a] sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc).

Ida argues first that the District Court relied on clearly erroneous factual findings in denying his motion, an argument we easily reject. In his initial moving papers before the District Court, Ida — who is now 81 years old and suffers from, *inter alia*, Parkinson's disease — relied principally on his age, health, and the COVID-19 pandemic to justify his sentence reduction.[1] He now argues that the Government's opposition — the reasoning of which the District Court "substantially" adopted, *see* App'x 88 — erroneously represented (1) that Parkinson's disease was not an acknowledged risk factor for COVID-19; (2) that Ida's Parkinson's disease was "mild"; and (3) the number of individuals with COVID-19 infections at FMC Devens. Def.'s Br. 10-12. None of these are persuasive. First, as the Government points out, its opposition brief accurately stated that at the time, "CDC guidance d[id] not address whether Parkinson's disease is a risk factor" for COVID-19. App'x 86. Second, the characterization of Ida's affliction as "mild" in the Government's brief merely repeats the descriptions used repeatedly in his medical records, which were submitted to the District Court for its consideration. Third, while Ida contests the Government's calculation of the COVID-19 census at FMC Devens, Ida presented his own version of the count to the District Court in his reply, App'x 91, and the District Court "reconsidered" its ruling in light of that reply but adhered to its decision to deny Ida's motion, *id.* at 89. We decline, therefore, to conclude that the District Court relied on clearly erroneous factual findings in denying Ida's motion. This is not to suggest that Parkinson's disease cannot be a condition that qualifies as an extraordinary and compelling reason for compassionate release; we hold only that under the factual circumstances of this case it was not an abuse of discretion for the District Court to find those reasons lacking.

Ida next argues that the District Court failed to consider all of the Section 3553(a) factors and, relatedly, that it abused its discretion by concluding that the nature of Ida's offenses outweighed the other factors. We are unconvinced. As an initial matter, "we presume that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Smith*, 982 F.3d 106, 111 (2d Cir. 2020) (cleaned up). Moreover, "we will not assume a failure of consideration simply because a district court fails to enumerate or discuss each § 3553(a)

---

[1] After submitting his moving papers to the District Court, Ida tested positive for COVID-19.

factor individually." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008). Here, the District Court relied "substantially" on the reasoning in the Government's opposition brief, App'x 88, in which the Government pointed to not only the nature of Ida's offenses but also the need for the sentence to reflect the seriousness of Ida's offenses, to promote respect for the law, and to provide just punishment, *id.* at 86; *see also* 18 U.S.C. § 3553(a)(2)(A). Our task is not to "consider what weight we would ourselves have given a particular factor," but rather to determine whether the factors relied upon by the District Court are able to "bear the weight assigned [them] under the totality of circumstances in the case." *Cavera*, 550 F.3d at 191. In reviewing the record before us, we conclude that the District Court acted well within its discretion when it found that the Section 3553(a) factors weighed against release, which provided an adequate independent basis for its decision. *See United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam).

We have considered all of Ida's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the January 21, 2021 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4