20-1983-cr (L)
United States v. Martinez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of January, two thousand twenty-two.

Present:     ROSEMARY S. POOLER,
             DENNY CHIN,
             SUSAN L. CARNEY,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                    20-1983-cr (L),
                                                   20-2809-cr (CON)

KELVIN MARTINEZ,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Glenn A. Garber, New York, N.Y.

Appearing for Appellee:      Kaylan Lasky, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Kelvin Martinez appeals from the June 5, 2020 order of the United States District Court for the Southern District of New York (Engelmayer, *J.*), denying his request for compassionate relief under 18 U.S.C. § 3582 and the August 12, 2020 order of the district court denying his motion to reconsider its June 5, 2020 order. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (quoting *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020)). Although a district court abuses its discretion when its ruling is based on a clearly erroneous assessment of the evidence, this Court will find clear error only when "on the entire evidence [it] is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (citation omitted).

Where a district court bases its denial of a compassionate release motion on its application of the 18 U.S.C. § 3553(a) factors, the appellate court applies the same deference to the district court's determination as it does in reviewing the district court's imposition of sentence. *See, e.g.*, *United States v. Smith*, 982 F.3d 106, 110 (2d Cir. 2020) ("[W]here a district court exercises its discretion to deny an eligible defendant's motion [for a sentence reduction under the First Step Act], our limited role on appeal is to evaluate whether that discretion was abused.").

Martinez argues that the district court abused its discretion by failing to (1) properly weigh the Section 3553(a) factors, and (2) account for the fact that at the time his motion was made, Martinez had already served over a majority of his sentence. But the record reflects that the district court closely considered the sentencing factors and incorporated by reference its detailed assessment of those factors into its discussion at sentencing. Likewise, the district court explicitly considered the fact that Martinez had already served over half of his sentence. Sp. App'x at 48 ("The Court has carefully considered whether a reduction of Martinez's sentence on the scale proposed—he has served 60% of the stated sentence—would fairly reflect these factors."). The Court stated it was simply "unpersuaded" that such a reduced sentence was justified but left the door open for Martinez to make a later motion for early release farther into serving his sentence. Sp. App'x at 48. The record reflects that the district court explicitly and thoroughly balanced the Section 3553(a) factors. This Court owes that balancing substantial deference. *See, e.g.*, *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (concluding that this Court should not "substitute [its] own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case").

Martinez relies on a number of district court cases in this Circuit where compassionate release was granted for violent offenders, arguing that because his crime was nonviolent, it is an abuse of discretion not to grant him compassionate release. However, each case must be evaluated on its own specific facts. A district court's judgment may fall under a wide range of

permissible decisions under abuse of discretion review, and this "circumspect form of review . . . may result in substantial variation among district courts." *Id.* at 193.

Lastly, Martinez is currently serving his sentence in home confinement. Although his move to home confinement does not moot his appeal because he can still be relieved of his term of home confinement, it significantly weakens his argument and the main thrust behind his motion for release. Martinez primarily argued for compassionate release because of his high risk from a potential COVID-19 infection while incarcerated. However, his transfer to home confinement addresses his COVID-19-based concerns because he is no longer in prison where COVID-19 outbreaks have occurred. *See, e.g.*, *Holloway*, 956 F.3d at 661 ("We hold that Holloway's appeal was not mooted by his release from prison. Holloway remains eligible for a reduction in his term of supervised release."); *United States v. Tagliaferri*, 13 Cr. 115 (RA), 2019 WL 6307494, at *3 (S.D.N.Y. Nov. 25, 2019) (stating "although [inmate's] request for compassionate release is not technically 'moot' as a legal matter," transfer to home confinement "obviated the need for granting him" compassionate relief based on his deteriorating health condition).

We have considered the remainder of Martinez's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3