21-913
*United States v. Eric Cherry*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-two.

PRESENT:
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> BETH ROBINSON,
> > *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                 No. 21-913

ERIC CHERRY,

> *Defendant-Appellant.*\*

———————————————————

\* The Clerk of Court is respectfully directed to amend the caption as reflected above.

**FOR DEFENDANT-APPELLANT:**    GLENN A. GARBER, Glenn A. Garber, P.C., New York, NY.

**FOR APPELLEE:**    PETER J. DAVIS (Stephen J. Ritchin, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court entered on March 31, 2021, is **AFFIRMED**.

Defendant-Appellant Eric Cherry appeals from the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391.

In 2019, Cherry pleaded guilty to brandishing a firearm during and in relation to a Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(i)–(ii), based on his firing a shot during a gunpoint robbery of a jewelry store through a glass exterior door and into a crowded street. In advance of his sentencing, Cherry submitted a mitigation report to the district court, addressing how it

should deal with his various medical issues, including a rare and extreme form of ulcerative colitis. In this report, Cherry identified the Federal Medical Centers at Devens ("FMC Devens") and Butner ("FMC Butner"), Bureau of Prisons ("BOP") facilities in Massachusetts and North Carolina, respectively, as "facilities where [his] medical . . . treatment would be most responsive to his urgent needs." Sealed App'x at 592. At Cherry's July 2020 sentencing, the district court imposed the mandatory minimum term of eighty-four months' imprisonment, to be followed by two years' supervised release. The district court also recommended that the BOP designate Cherry to an FMC – specifically, FMC Butner – within 10 days of sentencing.

BOP did just that, initially designating Cherry to FMC Butner and subsequently redesignating him to FMC Devens – the very facilities he requested in his sentencing submission. However, Cherry has remained at the Brooklyn Hospital Center at least through the date of the district-court decision below – "in part because his medical condition made it at times difficult for him to be moved, and in part because his counsel prevailed on BOP officials not to move him" during the pendency of his "request . . . that [he] be allowed to serve his sentence on home confinement." App'x at 71.

On February 11, 2021, after exhausting his administrative remedies, Cherry filed in the district court a motion for compassionate release, requesting that he be released from BOP custody to home confinement in light of his medical condition. Having served about twenty-eight months of his eighty-four-month term of imprisonment, Cherry argued that his unique and grave medical condition constituted an "extraordinary and compelling" circumstance warranting compassionate release.

The district court denied Cherry's motion on March 31, 2021, holding that even if his medical condition constituted an extraordinary circumstance, the BOP was able to properly care for him at FMC Devens, and that a reduction of his sentence would be inconsistent with the objectives of sentencing as set forth in 18 U.S.C. § 3553(a). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's denial of a motion for compassionate release for abuse of discretion. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible

4

decisions." *Id.* (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

A factual assessment is clearly erroneous only if, after reviewing the entirety of the

evidence, we are "left with the definite and firm conviction that a mistake has been

committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting

*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

*First*, Cherry contends that the district court erred by failing to find that

extraordinary and compelling reasons justified his release. But section 3582(c)

permits a district court to reduce a sentence only if, "*after* considering the factors

set forth in section 3553(a)," it "finds that extraordinary and compelling reasons

warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Thus,

as we have explained, a finding that the section 3553(a) factors disfavor early

release is independently sufficient to deny a compassionate-release motion,

regardless of the presence of any "extraordinary and compelling reasons that

might (in other circumstances) justify a sentence reduction." *Keitt*, 21 F.4th at 73.

Here, the district court's denial of Cherry's motion was based on its

assessment of the section 3553(a) factors, focusing primarily on the gravity of

Cherry's offense and his history of violent criminal conduct. *Compare* 18 U.S.C.

§ 3553(a) (enumerating such factors), *with* App'x at 73–74 (finding that Cherry had

5

"committed a dangerous and brazen offense" and that the "robbery [for which he was convicted] was not a one-off affair"). While Cherry may disagree with how the district court balanced the section 3553(a) factors, "[t]he weight to be afforded any [section] 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge." *Keitt*, 21 F.4th at 72 (quoting *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008)).

In sum, the district court's determination that the section 3553(a) factors compelled a denial of Cherry's motion lies well within the scope of its "reasoned exercise of discretion," to which "we must defer heavily." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc); *see also United States v. Smith*, 982 F.3d 106, 110–11 (2d Cir. 2020) (extending similar deference on review of a district court's assessment that the section 3553(a) factors required denying a motion to reduce sentence under the First Step Act); *United States v. Seshan*, 850 F. App'x 800, 801 (2d Cir. 2021) ("We apply the same deference to the district court's denial of a compassionate release motion based on . . . the [section] 3553(a) factors as we do when reviewing a district court's [original] imposition of sentence based on . . . th[ose] factors." (citing *Smith*, 982 F.3d at 110-11)). We therefore conclude that the

district court did not abuse its discretion by denying Cherry's motion for compassionate release based on its assessment of the section 3553(a) factors.

*Second*, Cherry contends that the district court erred in finding that BOP can effectively care for him at FMC Devens. But to the extent that this issue is relevant to whether Cherry established "extraordinary and compelling" circumstances warranting compassionate release, this contention is moot. Because the district court properly treated the section 3553(a) factors as an independently sufficient ground on which to deny Cherry's compassionate-release motion, it was not also required to "determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *Keitt*, 21 F.4th at 73.

And to the extent that the quality of medical care available at FMC Devens is relevant to one of the section 3553(a) factors – which requires the district court to consider the need "to provide the defendant with needed . . . medical care . . . in the most effective manner," 18 U.S.C. § 3553(a)(2)(D) – the district court considered this factor in making its determination. Cherry nevertheless insists that the district court overlooked key evidence concerning the capacity of FMC Devens to address his medical needs. But that contention is contradicted by the

7

record. As noted above, Cherry's own presentencing submissions stated explicitly that FMC Devens *would* be able to provide him with appropriate care. In attempting to argue otherwise now, Cherry relies primarily on a letter submitted to the district court by Dr. Andras Fenyves, his doctor at the Brooklyn Hospital Center, expressing concern that "[t]he complex level of care we provided to [Cherry] may not be available in a prison hospital that is equipped to treat more routine cases." Sealed App'x at 45. But the response letter submitted by Dr. Ramzi Khazen, the Medical Officer of FMC Devens, clearly rebuts that aspersion. Specifically, Dr. Khazen detailed both FMC Devens's internal capacities for treating inmates as or more "severely impaired" than Cherry, as well as its "routine[]" policy of sending inmates to be seen at "some of the best hospitals in the country." *Id.* at 47–48.

While Dr. Fenyves asserted in his reply letter that he still was not "convince[d]" or "reassure[d]" that Cherry could be "effectively managed" at FMC Devens, his only explanation was that the doctors at the Brooklyn Hospital Center were already "deeply involved and familiar with Mr. Cherry's medical history." *Id.* at 50. But that explanation is belied by the facts that Brooklyn Hospital Center had previously seen fit to transfer Cherry out to other hospitals

8

within New York, and that BOP had already arranged to have Cherry's complete medical files sent from the Brooklyn Hospital Center to FMC Devens and to have doctors at the two facilities coordinate on his care. In short, Cherry has not offered any basis for questioning the ability of the doctors at FMC Devens to care for Cherry at that facility.

Based on the record before it at the time, it was not improper for the district court to credit and to rely on Dr. Khazen's detailed assessment in concluding that FMC Devens is capable of managing Cherry's condition. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

We have considered Cherry's remaining arguments and find them to be meritless. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9