*United States v. Coleman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand twenty-three.

PRESENT:    Amalya L. Kearse,
            Dennis Jacobs,
            Steven J. Menashi,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

            *Appellee,*

    v.                                          No. 22-636

TAJIE COLEMAN,

            *Defendant-Appellant.*

_____

*For Appellee*:                      NEGAR TEKEEI, Assistant United States

Attorney (David Abramowicz, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

*For Defendant-Appellant*: VANESSA C. RICHARDSON, Willkie Farr & Gallagher LLP, New York, NY (Elizabeth P. Gray, Willkie Farr & Gallagher LLP, Washington, DC, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Tajie Coleman appeals from a judgment entered on March 10, 2022, denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I**

On July 11, 2013, while being chased by New York City detectives, Coleman threw a gun into traffic on the Major Deegan Expressway. After he was arrested, Coleman stated that he had retrieved the gun from an incinerator and was being paid to deliver it to the River Park Towers in the Bronx.

Coleman pleaded guilty to possession of a firearm as a felon in violation of 18 U.S.C. § 922(g). The district court sentenced Coleman to a term of 180 months of imprisonment, based on a mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), to be followed by five years of supervised release.

On June 8, 2021, Coleman moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion for compassionate release. He argued that he presented extraordinary and compelling reasons for a sentence reduction given his unstable family history, his youth when he committed the

felonies that resulted in a sentencing enhancement under the ACCA, the severity of his mandatory minimum sentence, and the risks that COVID-19 posed to inmates generally. Coleman also contended that his release would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).

The district court denied the motion and Coleman appealed.

## II

We "review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). "A district court has broad discretion when considering a motion for compassionate release," and "[m]ere disagreement with how the district court balanced the § 3553(a) factors therefore is not a sufficient ground for finding an abuse of discretion." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (internal quotation marks omitted).

After "considering the factors set forth in section 3553(a)," a district court "may reduce" a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Application of the § 3553(a) factors may provide an independent ground for denying a motion for compassionate release, even if the court assumes the existence of extraordinary and compelling circumstances. *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021).

Coleman argues that the district court erred because it "creat[ed] a per se rule that facts that were considered at sentencing cannot constitute extraordinary and compelling reasons for compassionate release." Appellant's Br. 14. To support his argument, Coleman cites the following paragraph from the district court's memorandum decision and order denying his motion:

> While the Court has full discretion under the First Step Act, Defendant's youth at the time of the underlying offenses and his difficult childhood trauma do not constitute extraordinary and compelling reasons for compassionate release. *See United States v. Moye*, 16 CRIM. 250 (GBD), 2020 WL 6273905, at *2 (SDNY Oct. 26,

3

2020) (Mitigating factors such as childhood trauma and loss do not constitute an extraordinary and compelling reason for compassionate release when factors were taken into consideration at the time of sentencing). Defendant's mandatory minimum sentence of 180 months imprisonment was lawfully imposed under controlling statutory and Second Circuit authority and his difficult childhood circumstances were also taken into consideration at the time of sentencing. (Gov't. Opp'n, at 13.) However difficult and troublesome Defendant's youth was, it does not give rise to the type of "extraordinary and compelling circumstance" that warrants release.

App'x 130.

We disagree that the district court created a per se rule. The district court determined that the "Defendant's youth at the time of the underlying offenses and his difficult childhood trauma do not constitute extraordinary and compelling reasons for compassionate release." App'x 130. It then cited an analogous case in which—despite the defendant's "difficult childhood fraught with violence, trauma, and loss"—"[n]othing in the Defendant's submission has lessened the need for a significant sentence." *Moye*, 2020 WL 6273905, at *2. Far from creating a per se rule, the district court explained that the same mitigating factors previously considered at Coleman's sentencing—considered again in connection with his motion for a sentence reduction—did not constitute extraordinary and compelling circumstances warranting release. We do not understand the district court's observation that such factors were taken into consideration at sentencing to imply that the district court could not again consider those factors in the context of Coleman's motion.

Next, Coleman challenges the district court's weighing of the § 3553(a) factors. Appellant's Br. 20. We presume that a sentencing court has considered "all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Smith*, 982 F.3d 106, 111 (2d Cir. 2020) (quoting *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020)). These factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense and to provide just punishment, the need to protect the public from further crimes of the defendant, and the need to avoid unwarranted sentence disparities among

4

defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

The district court concluded that the § 3553(a) "sentencing factors strongly counsel against the Defendant's release" because the defendant "committed multiple violent felonies and pled guilty to illegally carrying a loaded firearm," and he committed "repeated disciplinary infractions while in custody, including possessing a dangerous weapon in the facility in June 2019." App'x 131. Given Coleman's "history of criminal conduct, reducing his sentence would undermine the gravity of the offense and the need for deterrence." *Id.* at 131-32.

Coleman has not identified any factual errors in the district court's assessment of his criminal record or disciplinary history. Nor has he shown that the district court applied the wrong legal standard. Instead, Coleman argues only that the district court should have considered other facts and weighed the § 3553(a) factors differently. But "[m]ere disagreement with how the district court balanced the § 3553(a) factors ... is not a sufficient ground for finding an abuse of discretion." *Halvon*, 26 F.4th at 569 (internal quotation marks omitted). The district court did not abuse its discretion in deciding that the § 3553(a) factors did not support Coleman's release.

\* \* \*

We have considered Coleman's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5