24-2257-cr
*United States v. Englehardt*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-five.

PRESENT:
   RICHARD C. WESLEY,
   JOSEPH F. BIANCO,
   BETH ROBINSON,
    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

   v.               24-2257-cr

ANTHONY ENGLEHARDT,

    *Defendant-Appellant*.

_____

| | |
|---|---|
| FOR APPELLEE: | Katherine E. Boyles and Conor M. Reardon, Assistant United States Attorneys, *for* Marc H. Silverman, Acting United States Attorney for the District of Connecticut, New Haven, Connecticut. |
| FOR DEFENDANT-APPELLANT: | Tracy Hayes, Assistant Federal Defender, *for* Terence S. Ward, Federal Defender for the District of Connecticut, New Haven, Connecticut. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Omar A. Williams, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on August 23, 2024, is **AFFIRMED**.

Defendant-Appellant Anthony Englehardt appeals from the district court's judgment of conviction following his guilty plea, pursuant to a plea agreement, to one count of possession of unregistered National Firearms Act ("NFA") firearms and silencers, in violation of 26 U.S.C. §§ 5841, 5845, 5861(d), and 5871. The district court sentenced Englehardt principally to 60 months' imprisonment, which was above his advisory range of 37 to 46 months' imprisonment under the United States Sentencing Guidelines (the "Guidelines").[1] On appeal, Englehardt challenges the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We generally "review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018) (per curiam). However, we apply plain error review to procedural-reasonableness challenges not raised in the district court. *See United States v. Villafuerte*, 502 F.3d 204, 208–09 (2d Cir. 2007). To demonstrate plain error, a defendant must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant]'s substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of

---

[1] Pursuant to his plea agreement, Englehardt waived his right to appeal a sentence at or below the advisory range. Because he received a sentence 14 months above the high end of the range, his appeal is not barred by his appellate waiver.

2

judicial proceedings." *United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019) (internal quotation marks and citation omitted).

## I.        Procedural Reasonableness

Englehardt first argues that the district court procedurally erred by failing to consider his "history and characteristics," as required under 18 U.S.C. § 3553(a)(1). In particular, Englehardt asserts that "[his] difficult upbringing, his lack of any criminal history or history of violence, and his impressive rehabilitation, were all significant matters the Court failed to address at all." Appellant's Br. at 10. Because Englehardt did not raise this objection before the district court, "our review on appeal is restricted to plain error." *United States v. Wagner-Dano*, 679 F.3d 83, 89 (2d Cir. 2012). As set forth below, we identify no procedural error, plain or otherwise.

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [Section] 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks and citation omitted). Moreover, "we presume that the sentencing judge has considered all relevant [Section] 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Smith*, 982 F.3d 106, 111 (2d Cir. 2020) (per curiam) (internal quotation marks, citation, and alteration omitted).

Here, there is no indication in the record that the district court failed to consider the Section 3553(a) factors, including the mitigating facts related to Englehardt's history and characteristics under Section 3553(a)(1). Indeed, contrary to Englehardt's argument, it is abundantly clear from the record that the district court fully considered Englehardt's history and characteristics. For example, when defense counsel highlighted Englehardt's participation in

rehabilitation programs for mental health and substance abuse issues that had been untreated for many years, the district court noted, "[t]hat's all to his credit," but questioned whether those difficulties meaningfully explained "an extended period of noncompliance with [the] Court [protective] order[] that he surrender all firearms and ammunition[.]"[2] App'x at 100. In addition, after defense counsel twice focused on Englehardt's lack of any criminal history, and then referenced the lack of any actual violence committed by Englehardt with the firearms, the district court agreed that "[t]he point [was] well-taken," but explained that "sometimes somebody's lack of history does not outweigh the seriousness of their conduct." *Id*. at 123. In doing so, the district court emphasized that it was "[a]bsolutely" considering Englehardt's history as a sentencing factor but was "letting [defense counsel] know [it was] weighing that against the seriousness of the conduct." *Id*. Moreover, in later explaining its reasons for imposing the non-Guidelines sentence, the district court again explicitly reiterated its consideration and weighing of these mitigating factors:

> [I]t is a fact that Mr. Englehardt continued to possess several prohibited [firearms] that he knew he was not allowed to possess that he knew he was supposed to surrender, and he continued to possess them for a lengthy period of time that is not sufficiently mitigated by the substance abuse and mental illness raised by the defense and certainly considered by the Court, particularly in that Mr. Englehardt chose to surrender some [but not all] of those prohibited [firearms].

*Id*. at 132. To the extent Englehardt suggests that the district court erred by failing to provide a more detailed explanation for its rejection of his various arguments made in mitigation or its analysis of the Section 3553(a) factors, we disagree. We have never required a district court to "address every argument the defendant has made or discuss every [Section] 3553(a) factor

---

[2] The district court also thanked Englehardt for his military service in the United States Army.

individually." *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020) (quoting *Villafuerte*, 502 F.3d at 210).

In sum, Englehardt has failed to identify any procedural error in the imposition of his sentence.

## II.     Substantive Reasonableness

Englehardt next argues that the 60-month sentence is substantively unreasonable. We are unpersuaded.

In reviewing the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard, "we do not consider what weight we would ourselves have given a particular factor [at sentencing]. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc) (internal citation omitted). A sentence is therefore substantively unreasonable only if "affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted).

Moreover, "[w]e do not presume that a non-Guidelines sentence is unreasonable, nor do we require extraordinary circumstances to justify a deviation from the Guidelines range." *United States v. Stewart*, 590 F.3d 93, 135 (2d Cir. 2009) (internal quotation marks and citation omitted). Instead, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Ceasar*, 10 F.4th 66, 79 (2d Cir. 2021) (internal quotation marks and citation omitted). Therefore, when reviewing a non-Guidelines sentence, we consider whether the district court's explanation "support[s] the degree of the

variance," and have emphasized that "a major departure [from the Guidelines range] should be supported by a more significant justification than a minor one." *Id.* (internal quotation marks and citation omitted). However, we have further cautioned that "we must not employ a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Cavera*, 550 F.3d at 190 (internal quotation marks and citation omitted).

Here, we conclude that the Section 3553(a) factors, upon which the district court relied in imposing an above-Guidelines sentence, "can bear the weight assigned [them] under the totality of the circumstances in [this] case," *id.* at 191, and thus, the 60-month sentence was not "shockingly high . . . or otherwise unsupportable as a matter of law," *Park*, 758 F.3d at 200. In imposing the sentence, the district court noted that "the nature and circumstances of Mr. Englehardt's crime easily and significantly distinguished themselves from cases involving mere possession." App'x at 133. More specifically, the district court noted that he not only possessed a firearm, but "threaten[ed] its use [and] discharge[ed] that weapon" in connection with abuse in a domestic relationship (by firing his rifle into the bedroom ceiling of his ex-girlfriend), and that he was "fortunate that this incident did not result in anybody's death, including his own." *Id*. Moreover, as noted above, the district court emphasized that Englehardt possessed the firearms for a lengthy period of time, in violation of a protective order that required him to surrender his firearms, and he consciously chose to surrender only some firearms, but not others. Thus, the district court explained that, notwithstanding the mitigating factors, the sentence was necessary to, among other things, "promote respect for the law that [Englehardt] did not show through this crime," and "deter [him] and others from committing such crimes in the future, all while protecting the public but without being anymore punitive than necessary to do those things." *Id*. at 133–34.

At bottom, Englehardt takes issue with the district court's failure to give more weight to his mitigation arguments with respect to his history and characteristics. However, that disagreement with the district court's balancing under Section 3553(a) does not constitute an abuse of discretion where, as here, the above-Guidelines sentence was reasonable in light of all the sentencing factors considered by the court. *See United States v. Florez*, 447 F.3d 145, 158 (2d Cir. 2006) ("[T]he weight to be given [sentencing] disparities, like the weight to be given any [Section] 3553(a) factor, is a matter firmly committed to the discretion of the sentencing judge and is beyond our appellate review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." (alteration adopted) (internal quotation marks and citation omitted)). In short, we conclude that the district court's sentence is substantively reasonable.

\* \* \*

We have considered Englehardt's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7